**YINGYING LOU, Petitioner,**

v.

**Alberto R. GONZALES, Attorney General, Respondent.**

No. 05–70931.

United States Court of Appeals, Ninth Circuit.

Submitted June 12, 2006.*

Decided June 20, 2006.

Vaughan Kirby, San Francisco, CA, for Petitioner.

Ronald E. Lefevre, Chief Counsel, Office of the District Counsel Department of Homeland Security, San Francisco, CA, Sam E. Taylor, Jr., Esq., Dallas, TX, for Respondent.

Before: WALLACE, KLEINFELD, and BERZON, Circuit Judges.

MEMORANDUM **

Yingying Lou, a native and citizen of the People's Republic of China, petitions for review of the Board of Immigration Appeals ("BIA") order affirming the Immigration Judge's ("IJ") order denying Lou's applications for asylum and withholding of removal and for protection under the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252. Where the BIA adopts the IJ's decision while adding its own reasons, we review both decisions. *Kataria v. INS*, 232 F.3d 1107, 1112 (9th Cir.2000). We review the agency's factual findings for substantial evidence, reversing such findings only if "the evidence not only *supports* that conclusion, but *compels* it." *INS v. Elias–Zacarias*, 502 U.S. 478, 481 n. 1, 112 S.Ct. 812, 117 L.Ed.2d 38 (1992) (emphasis in original); 8

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

**704**

U.S.C. § 1252(b)(4)(B). We deny the petition for review.

Lou testified that a stranger gave her a newspaper critical of the Chinese government's treatment of Falun Gong proponents when Lou was at San Francisco International Airport in December of 2001. Lou testified that she brought the newspaper to China and passed it on to a friend who practiced Falun Gong and who was later arrested. Lou does not claim to practice Falun Gong herself. Lou states that she fears she would be persecuted upon returning to China because her friend might have been arrested for distributing the newspaper and might have told the police that Lou gave the newspaper to her. The agency denied asylum, finding Lou's fear too speculative to be objectively reasonable, and the record does not compel a contrary finding. *See, e.g., Nagoulko v. INS,* 333 F.3d 1012, 1018 (9th Cir.2003) (affirming denial of asylum where possibility of future persecution too speculative). Accordingly, substantial evidence supports the denial of asylum.

Because Lou failed to satisfy the lower standard of proof for asylum, she necessarily failed to demonstrate eligibility for withholding of removal. *See Farah v. Ashcroft,* 348 F.3d 1153, 1156 (9th Cir. 2003).

We lack jurisdiction to review the IJ's order denying Lou protection under the CAT because Lou failed to raise the issue before the BIA. *See* 8 U.S.C. § 1252(d)(1); *Vargas v. INS,* 831 F.2d 906, 907–08 (9th Cir.1987).

**PETITION FOR REVIEW DENIED.**

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed.